UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KENJA OMARI CARMICHAEL,

      Plaintiff,

      v.

DEFENDENT'S [sic] SHERIFFS DEPT. ET
ALL. [sic], Sgt. TRAVIS LYSTROM,
CO RACHEL CANNING,
Sgt. CHRIS BLOOM and NURSE DIANE,

      Defendants.

Civil File No. 05-2647 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the order dated December 15, 2005. (Docket No. 6.)  That order directed Plaintiff to file one properly completed U.S. Marshal service form, (USM-285), and one copy of his amended complaint, for each Defendant to be served in this matter.  Plaintiff was advised that the Marshal would not be able to serve the named Defendants, and that this case could not go forward, unless he filed the materials needed to effect service of process.  The order also expressly advised Plaintiff that if he did not file his marshal service forms and extra copies of his pleading by January 6, 2006, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

The deadline for satisfying the requirements set forth in the order of December 15, 2005, expired more than six weeks ago, and Plaintiff still has not submitted the required marshal service forms and extra copies of his pleading.  Nor has Plaintiff offered any

explanation for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all since he was ordered to submit his marshal service materials.  Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: February 22, 2006                          s/Jeanne J. Graham

                                                  _____
                                                  JEANNE J. GRAHAM
                                                  United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 13, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall

---

[1] Plaintiff's copy of the Order of December 15, 2005, was returned to the Court, apparently because he is no longer residing at the address he provided when he commenced this action.  Plaintiff's failure to keep the Court apprised of his current whereabouts reinforces the Court's determination that Plaintiff has abandoned this action.

2

operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.